GEORGE S. GRIMES *vs.* MINNEAPOLIS, LYNDALE & MINNETONKA RAILWAY COMPANY.

June 2, 1887.

**Contract of Railway Company with A to Carry B free of Charge—Action by B.**—G. and wife conveyed to defendant certain land for the purposes of its railway, and in consideration of the conveyance defendant agreed to "carry" said G. and wife, and any of their children, "free of charge" in the passenger cars run upon its road. Plaintiff is one of the children mentioned. *Held*, that the effect of defendant's agreement is to entitle the *plaintiff* to be carried free of charge. The fact that his father purchased and paid for this right of free carriage is not important. The plaintiff's right is as complete as if he had purchased and paid for it himself, and *its* infringement, whether tortious or otherwise, is a wrong to him for which he has his action. As a reasonable regulation of its business for the purpose of preventing imposition, the defendant might very properly have provided plaintiff with a pass, and required him to exhibit it to conductors. But the plaintiff was under no obligation to apply for one; and, if none was furnished him, he had the right to be carried with-

out one.   If defendant, as appears in this case, made it a rule to issue no passes, then it was its duty to inform the conductors of plaintiff's rights, and instruct them to allow them.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for being forcibly ejected from the defendant's train under the circumstances stated in the opinion.   Upon the trial, before *Rea*, J., and a jury, when the plaintiff rested, the action was dismissed on defendant's motion.   Plaintiff appeals from an order refusing a new trial.

*Wilson & Lawrence* and *George S. Grimes,* for appellant.

*Cross & Carleton* and *M. B. Koon,* for respondent.

BERRY, J.   J. T. Grimes and wife conveyed to defendant certain land for the purposes of its railway, and, in consideration of the conveyance, defendant agreed "to carry" said Grimes and wife, and any of their children, "free of charge" in the passenger cars run upon its road.   Plaintiff is one of the children mentioned.   The plain effect of defendant's agreement is to entitle plaintiff to be "carried free of charge."   The fact that his *father* had purchased and paid for this right of free carriage is of no importance.   The plaintiff's right is as complete as if he had purchased and paid for it himself; and, as a logical consequence, its infringement, whether tortious or otherwise, is a wrong to him for which he has his action.

The contract was not that plaintiff should be furnished with a pass upon application, but that he should be "carried free of charge."   As a reasonable regulation of its business, for the purpose of preventing imposition, the defendant might very properly have provided plaintiff with a pass, and required him to exhibit it to conductors.   But plaintiff was under no obligation to apply for one; and, if none was furnished him, he had the right to be carried without one.   If the defendant, as appears in this case, made it a rule to issue no passes, then it was its duty to inform the conductors of plaintiff's rights, and instruct them to allow them.   On the contrary, the facts show that defendant not only declined to issue any passes, but that it instructed its conductors to pass no one, and to collect fare from the plaintiff. The plaintiff, being on the defendant's car in the lawful exercise of his right of free carriage, was ejected because he refused to pay fare.

The ejection was wrongful; and, as it was forcible, it was not only in violation of his contract right of free carriage, but was tortious, so as to render the defendant liable to damages. The evidence shows that the conductor by whom the ejection was accomplished, was personally acquainted with plaintiff, was informed of the ground upon which he claimed to ride free, and was acting under express instructions not to permit him to do so. Hence, even if we had any doubt of the liability of the company upon the broad grounds before indicated, (as we have not,) the case would not fall within the adjudications which excuse a conductor for ejecting a passenger of whose right of passage he is ignorant, or of which he has no reasonably adequate means of information.

Order reversed, and new trial awarded.